In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00094-CV
_____

IN THE INTEREST OF R.J.

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-239,525

**MEMORANDUM OPINION**

Following a bench trial, the trial court terminated Mother's and Father's parent-child relationship with R.J., whom we will call *Casey*, their fifteen-month-old child.[1] As to Mother, the trial court found clear and convincing evidence established that Mother:

(1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or

_____

[1]To protect the identities of Mother, Father, and their children, we use pseudonyms in the opinion in place of names. *See* Tex. R. App. P. 9.8(a), (b).

1

emotional well-being of the children, pursuant to § 161.001(b)(1)(D), Texas Family Code;

(2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children, pursuant to § 161.001(b)(1)(E), Texas Family Code;

(3) failed to comply with the provisions of a court order establishing the actions Mother had to follow to have her children returned after they were placed with the Department of Family and Protective Services for not less than nine months following their removal for abuse or neglect, pursuant to § 161.001(b)(1)(O), Texas Family Code; and

(4) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and then failed to complete a court-ordered substance abuse treatment program or continued to abuse a controlled substance in a manner that endangered the health or safety of her children.[2]

The trial court also found that terminating Mother's and Father's parent-child relationship with Casey is in Casey's best interest. After the trial court signed the Final Order of Termination, Mother filed her notice of appeal. Father, however, did not.[3]

On appeal, Mother's court-appointed attorney filed a brief. The brief provides the Court with a professional evaluation of the record.

---

[2]*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P).

[3]The trial court found that Father's rights should be terminated on five grounds under the Family Code. We need not mention the grounds on which the trial court terminated Father's rights, however, since Father did not appeal.

2

According to Mother's brief, no arguable grounds exist to support Mother's appeal.[4] Mother's attorney also provided the Court with a letter, which he sent to Mother, in which the attorney represents that he provided Mother with a copy of the brief that was filed in her appeal.

After receiving the *Anders* brief, the Clerk of the Ninth Court of Appeals notified Mother that she had until June 27, 2022, to file a pro se response with the Court. Yet the appellate record shows that Mother, after being notified of her right to respond, did not file a response after receiving the notice.

We have independently reviewed the appellate record. Based on that review, we find Mother's appeal is frivolous. Accordingly, we need not appoint another attorney to re-brief the appeal.[5]

Accordingly, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 26, 2022
Opinion Delivered September 8, 2022
Before Golemon, C.J., Horton and Johnson, JJ.

---

[4]*See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.).

[5]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).